957 A.2d 205

**John KROLL**

**v.**

**Barbara FISHER.**

**No. 1657, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Sept. 16, 2008.

Raymond F. Weston (Trozzo, Lowery, Weston & Rock, on brief), Cumberland, for appellant.

James E. Carskadon, Westernport, for appellee.

Panel: KRAUSER, C.J., JAMES R. EYLER, ROBERT L. KARWACKI, (Ret., specially assigned), JJ.

EYLER, JAMES R., J.

This case arises from a complaint filed by John H. Kroll, appellant, against Barbara G. Fisher, appellee, in the Circuit Court for Allegany County. Appellee is the personal representative of the estate of Mary D. Kroll ("Ms. Kroll"), and prior to Ms. Kroll's death, appellee acted as attorney-in-fact for Ms. Kroll. In his complaint, appellant alleged appellee committed fraud against Ms. Kroll and requested an accounting of Ms. Kroll's estate. Appellee filed a motion to dismiss the complaint, and the circuit court granted the motion.

On appeal, appellant raises the following issues, which we have rephrased: (1) whether the circuit court erred by granting summary judgment prior to the completion of discovery; and (2) whether the circuit court erred by declaring that only the personal representative of a decedent's estate may file an action for an accounting of the decedent's finances prior to the decedent's death, when the personal representative also acted as the decedent's attorney-in-fact, notwithstanding the conflict of interest arising from such a situation.

Finding no reversible error, we affirm.

### Factual Background

On April 19, 2007, appellant filed a complaint for an accounting against appellee in the circuit court. Appellant is the nephew of Ms. Kroll, who died on December 8, 2006. Prior to Ms. Kroll's death, appellee acted as Ms. Kroll's attorney-in-fact, having been appointed by power of attorney dated March 30, 2004. On December 14, 2006, probate proceedings commenced in the Orphans' Court for Allegany County on the estate of Ms. Kroll ("the estate") in the form of a small estate petition for administration. Under Ms. Kroll's last will and testament, appellee was appointed personal representative of the estate. On January 25, 2007, appellee filed in the orphans' court an information report on Ms. Kroll's estate along with other estate administration forms.

In appellant's complaint, appellant alleged appellee had been "handling the financial affairs for the Estate of Mary D.

Kroll as well as handling her financial affairs prior to her passing away." Appellant alleged that "on numerous times and dates," appellant had "received information regarding the Estate's finances which [had] made [appellant] concerned as to whether the Estate's finances [were] being handled properly." Appellant alleged appellee had denied repeated requests from appellant to provide an accounting or documentation of appellee's handling of the estate's finances or her handling of Ms. Kroll's finances prior to her death. Appellant alleged that he was a beneficiary of the estate and an "interested party."

Appellant alleged fraud on the part of appellee, and requested that the court order an "independent accounting or audit" of Ms. Kroll's estate. Appellant requested that if any "malfeasance" was discovered through the accounting, that appellee be held responsible for "restitution, attorney's fees, accounting fees, court costs and interest," and any further relief that may be necessary.

On May 23, 2007, appellee answered appellant's complaint. In the answer, appellee alleged she did not have knowledge or information regarding appellant's allegation that she had mishandled the finances of Ms. Kroll's estate, and appellee neither admitted nor denied the allegations. Appellee denied that she committed fraud. In response to appellant's request for an accounting of the estate, appellee alleged that "an accounting of receipts and disbursements" was being prepared and would be "timely filed with the Register of Wills." Appellee requested that appellant's complaint be dismissed, and that appellee be awarded costs and any further relief that may be necessary.

On May 31, 2007, appellant filed requests for interrogatories and the production of documents from appellee. On June 1, 2007, appellee filed requests for interrogatories and the production of documents from appellant. On June 19, 2007, appellant was scheduled to depose appellee, but appellant postponed the deposition because appellee had not answered appellant's written discovery requests. Appellant was deposed by appellee on June 19, 2007.

On July 10, 2007, appellee filed a "motion to dismiss due to lack of standing." In the motion, appellee argued appellant, as a beneficiary of the estate, did not have standing to file the action for an accounting. Appellee argued the "proper procedure to be followed by the beneficiary is to move to have the Personal Representative disqualified for conflict of interest [in orphans' court] and to have an independent Personal Representative appointed to evaluate" whether to proceed with a cause of action. Appellee asserted the circuit court did not have jurisdiction over appellant's claim, and requested that the case be dismissed.

On July 25, 2007, appellant filed a response to appellant's motion to dismiss. In the response, appellant argued that appellee was "filing frivolous and/or premature motions in an effort to avoid answering discovery and providing requested documents." Appellant asserted the relevant time period in the case was the period prior to Ms. Kroll's death, when appellee was acting as Ms. Kroll's attorney-in-fact and when appellee, as a fiduciary, was legally responsible for utilizing Ms. Kroll's assets according to Ms. Kroll's interests. Appellant asserted that as "a family member and heir," he was an interested party and he had standing to file a complaint for an accounting. Appellant requested that appellee's motion to dismiss be denied, and that appellee be ordered to answer discovery.

On August 24, 2007, the circuit court held a hearing on appellee's motion to dismiss appellant's complaint. At the hearing, the court asked counsel for appellee whether appellant had been granted "some sort of bequest" in Ms. Kroll's will, and counsel for appellee responded: "he received seventeen percent." The court also asked counsel for appellee whether an accounting of Ms. Kroll's estate had been filed yet in the orphans' court, and counsel for appellee responded an accounting had not been filed, and that it was not yet due.

On September 13, 2007, the court issued a memorandum opinion and order granting appellee's motion to dismiss appellant's complaint. In its opinion, the court explained that

under Maryland Code (2001 Repl.Vol., 2007 Supp.) §§ 2–102 to 2–103 of the Estates & Trusts Article ("E.T.") and Maryland Rule 6–113, the orphans' court had jurisdiction over appellant's complaint. The court explained:

[Appellant's] claim is that funds belonging to Mary Kroll were mismanaged by [appellee] prior to Mary Kroll's death. If that is true, [appellee], who as attorney in fact had a fiduciary duty to Mary Kroll (and now as personal representative to the Estate of Mary Kroll), may have been liable to Mary Kroll prior to her death and now to her Estate.

Under Maryland law, [appellee], as personal representative, already has a duty to file an inventory and accounting in Mary Kroll's Estate. The inventory includes "[d]ebts owed to the decedent by the personal representative." [E.T. § 7–201(6)]. Failure to abide by her obligation is cause for removal by the *Orphans' Court.* [E.T. § 6–306]. In fact, as an interested person, [appellant] could argue to the Orphans' Court that it is in the best interest of the Estate that he be appointed personal representative. Obviously, whomever the Orphans' Court appointed Personal Representative as [appellee's] successor could pursue the accounting against [appellee] on behalf of the Estate.

The bottom line at this point is that the Orphans' Court is the entity having jurisdiction over [appellant's] complaint.

Appellant filed a timely notice of appeal to this Court.

## Discussion

Appellant raises two contentions on appeal: first, appellant argues the circuit court erred in dismissing appellant's complaint prior to the completion of discovery. Second, appellant argues the court erred in holding that only the personal representative could pursue an action for an accounting of the estate, considering the "built in conflict" arising from the circumstance that appellee had acted as attorney-in-fact for Ms. Kroll and is now personal representative of the estate.[1]

---

1. In his brief, appellant argues the circuit court granted summary judgment. The circuit court did not rely on evidence outside appel-

As a result of this circumstance, appellant argues appellee will not cooperate in divulging documents regarding Ms. Kroll's finances prior to Ms. Kroll's death, and appellant will have insufficient evidence to challenge appellee as personal representative in orphans' court. Appellant argues he has "no other mechanism to investigate the matter," and contends the circuit court should have allowed the case to proceed past discovery and then entertained any motions. Appellant asks this Court to reverse the circuit court's order.

"The proper standard for reviewing the grant of a motion to dismiss is whether the trial court was legally correct." *Higginbotham v. Public Serv. Comm'n of Md.*, 171 Md.App. 254, 264, 909 A.2d 1087 (2006) (quoting *Britton v. Meier*, 148 Md.App. 419, 425, 812 A.2d 1082 (2002)).

The circuit court dismissed appellant's complaint based upon its conclusion that the orphans' court had subject matter jurisdiction over the claim and that appellant's claim should be made in orphan's court. Appellant has not argued why jurisdiction over his complaint is proper in circuit court instead of orphans' court, and appellant has not cited any cases showing that the circuit court has, or should exercise, jurisdiction. Through our research, we found several cases where circuit courts sitting as equity courts were held to have jurisdiction over claims related to the administration of a decedent's estate, instead of orphans' court—but only where the orphans' court lacked power to grant a complete and adequate remedy. *See Shapiro v. Ryan*, 233 Md. 82, 87–88, 195 A.2d 596 (1963) ("The principle is firmly established in the law of this State that when the Orphans' Court is unable to afford a complete and adequate remedy, equity will assume jurisdiction."); *Tribull v. Tribull*, 208 Md. 490, 503, 119 A.2d 399 (1956) (holding "the inadequacy of the powers of the Orphans' Court may be sufficient" to place jurisdiction over cases involving administration of a decedent's estate in equity court); *Boland v. Ash,*

lant's complaint in granting the motion to dismiss, and therefore, appellant's characterization of the court's action as a grant of summary judgment is erroneous.

145 Md. 465, 474, 125 A. 801 (1924) (explaining "in the absence of special and unusual circumstances which render the powers of the orphans' court insufficient to afford adequate relief," a court of equity will not assume jurisdiction of the estate of a decedent). It is not a question of standing, but one of subject matter jurisdiction.

In this case, the orphans' court does not lack power to grant the remedy appellant seeks, which is an equitable accounting of Ms. Kroll's finances prior to her death and during the period that appellee acted as her attorney-in-fact. The orphans' court has the power to order such an accounting because appellee's management of Ms. Kroll's finances prior to her death is relevant to appellee's duties as personal representative of the estate. *See* E.T. § 2–102 ("The court may conduct judicial probate, direct the conduct of a personal representative, and pass orders which may be required in the course of the administration of an estate of a decedent."); E.T. § 2–104 ("The Maryland Rules for the summoning of a witness, and for depositions and discovery, apply to all actions."); Maryland Rule 6–461(a) ("Discovery in accordance with the rules in Title 2, Chapter 400 is available in any court proceeding on a contested matter."); E.T. § 2–103 ("The court has the same legal and equitable powers to effectuate its jurisdiction, punish contempts, and carry out its orders, judgments, and decrees as a court of record with general jurisdiction in equity."); E.T. § 6–306(a) ("A personal representative shall be removed from office upon a finding by the court that he: . . .; (4) Has mismanaged property; . . .; (6) Has failed, without reasonable excuse, to perform a material duty pertaining to the office."); E.T. § 7–101(a) (providing personal representative is a fiduciary; that he is under a general duty to settle and distribute the estate of the decedent in accordance with the terms of the will and the estate of decedents' law; that he shall use the authority conferred upon him by the estate of decedents' law, by the terms of the will, by orders in proceedings to which he is a party, and by the equitable principles generally applicable to fiduciaries); E.T. § 7–201(6) (providing that within three months after personal representative's ap-

pointment, personal representative shall prepare and file an inventory of property owned by the decedent at the time of his death; and such inventory shall include debts owed to the decedent by the personal representative).

Appellant may file a claim in orphans' court,[2] seeking appellee's removal as personal representative for failing to discharge her obligations and, in that context, request discovery and an order requiring her to account for the management of the decedent's assets prior to the decedent's death. The orphans' court has the power to rule on these requests,[3] and therefore, because the orphans' court does not lack power to grant a complete and adequate remedy in this case, the circuit court did not err in refusing to assume jurisdiction over appellant's complaint.

Additionally, assuming there was mismanagement of Ms. Kroll's finances prior to her death, the recovery of such funds would go directly to the estate, not to appellant. The recovery of funds for the estate of a decedent ordinarily lies within the jurisdiction of the orphans' court. As the Court of Appeals explained in *Tribull:*

> Primarily, of course, the administration of a decedent's estate is committed to the Orphans' Court. . . . "So long as assets can be found, which properly belong to the estate of the decedent, which have not been brought in and accounted for, the estate is not fully closed. * * * If * * * there be assets which he [the executor] has not returned, or assets which can be recovered, which he has not recovered, it is not only within the power and jurisdiction of the Orphans' Court to require the executor to discharge his duty, but it is the plain duty of the court to compel him.["]

208 Md. at 499–500, 119 A.2d 399 quoting *Wilson v. McCarty,* 55 Md. 277, 280 (1881).

---

**2.** It is our understanding that the estate is still open.

**3.** We express no opinion with respect to the merits of such requests. Our analysis is limited to the question of jurisdiction.

For these reasons, we conclude the circuit court did not err in dismissing appellant's complaint prior to the completion of discovery on the basis that the court lacked subject matter jurisdiction over the complaint.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**